J-S05024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| HECTOR J. LOPEZ | |
| Appellant | No. 1077 MDA 2016 |

Appeal from the Order Dated May 26, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003429-2011

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

JUDGMENT ORDER BY PANELLA, J.                  **FILED MARCH 02, 2017**

Appellant, Hector Lopez, appeals *pro se* from the order dismissing his petition for writ of habeas corpus as an untimely petition pursuant to the Post Conviction Relief Act ("PCRA"). Lopez argues that there can be no timeliness requirement for a challenge to an illegal sentence. After careful review, we agree with the PCRA court that it lacked jurisdiction to entertain Lopez's petition, and therefore affirm.

On July 10, 2012, Lopez pled guilty to two counts each of possession of heroin with the intent to deliver and conspiracy. On August 28, 2012, the trial court imposed mandatory minimum sentences for the possession with intent to deliver charges pursuant to 18 Pa.C.S.A. § 7508.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Lopez did not file a direct appeal, but on September 2, 2014, he filed a PCRA petition. In it, he argued that his mandatory minimum sentences were illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). After the PCRA court denied relief, this Court permitted Lopez to withdraw his appeal pursuant to his *pro se* motion, wherein he agreed with appointed counsel that his appeal had no meritorious issues. **See Commonwealth v. Lopez**, No. 699 MDA 2015, at 3-4 (Pa. Super. filed 5/4/16) (unpublished memorandum).

Lopez filed the instant petition for writ of *habeas corpus* on May 18, 2016, arguing that his sentence was illegal pursuant to **Alleyne**. The PCRA court treated the petition as a PCRA petition and dismissed it as untimely. Lopez then filed this timely appeal.

On appeal, Lopez contends that there can be no time limit imposed upon a challenge to the legality of a sentence. Clearly, Lopez understood that the PCRA had such a time limit, which is why he withdrew his PCRA petition and filed the current petition as a petition for writ of *habeas corpus*.

However, it is well settled that the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA. **See Commonwealth v. West**, 938 A.2d 1034, 1043-1045 (Pa. 2007). "PCRA review is limited to defendants who claim that they were wrongfully convicted and/or are serving an illegal sentence." **Commonwealth v. Burkett**, 5 A.3d 1260, 1275 (Pa. Super. 2010) (citation omitted). Thus,

Lopez's challenge to the legality of his sentence is cognizable under the PCRA, and therefore cannot be the basis for relief in a petition for writ of *habeas corpus*.

Since the trial court properly treated Lopez's petition as a PCRA petition, the jurisdictional requirements of the PCRA applied. The timeliness of a post-conviction petition is jurisdictional. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Lopez's judgment of sentence became final on September 27, 2012, when the time for filing a direct appeal to this court ran out. ***See*** 42 Pa.C.S.A. § 9545(b)(3). As a result, any PCRA petition filed by Lopez after September 27, 2013 is time-barred, unless he pleads and proves an exception to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Lopez makes no attempt to plead an exception, as he contends that the PCRA does not apply to this petition. Rather, he contends that there can be no time-bar to a challenge to the legality of the sentence. This argument has been repeatedly rejected by the courts of this Commonwealth. ***See***, ***e.g.***, ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Thus, the trial court properly dismissed Lopez's petition as an untimely PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/2017